PAE-AO 243 (Rev. 05/2018)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| Name (under which you were convicted): WASIM SHAZAD | | Docket or Case No.: 21-cr-477-GEKP |
| Place of Confinement: FCI FORT DIX, P.O. Box 2000, Joint Base MDL, NJ 08640 | | Prisoner No.: 66561-509 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |

V.   WASIM SHAZAD

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   USDC ED PA

   601 Market Street

   Philadelphia, PA  19106

   (b) Criminal docket or case number (if you know): 21-cr-477-GEKP

2. (a) Date of the judgment of conviction (if you know):  (Guilty Plea) March 9, 2022

   (b) Date of sentencing:  (and judgment):  December 5, 2022

3. Length of sentence: 33 months

4. Nature of crime (all counts):  (1) Money Laundering, 18 USC Sec. 1956(a)(3)(B) & (C)

   (2)  Failure to Report Financial Transaction, 31 USC Sec. 5324(b)(1)

   (3)  Money Laundering, 18 USC Sec. 1956(a)(3)(B) & (C)

   (4) Failure to Report Financial Transaction, 31 USC Sec. 5324(b)(1)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Defendant pled guilty to all four counts in Information

PAE-AO 243 (Rev. 05/2018)                                                                                                    Page 4

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction? See #9 below     Yes ☒     No ☒

9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for the Third Circuit
   (b) Docket or case number (if you know): #22-3380
   (c) Result: Notice of Appeal time filed pro se; Appeal not pursued
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: Appeal not pursued because plea agreement included waiver of right to
       seek post-conviction relief by direct appeal or collateral attack; direct appeal issues were
       limited, and time consumed in litigating waiver would jeopardize obtaining timely relief; and
       major issues involve effectiveness of counsel's representation and are not viable appellate issues
       based on record as it currently exists.
       _____
       _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: _____
           _____
           _____
           _____
           _____
           _____
           _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or
    applications, concerning this judgment of conviction in any court?     Yes ☐     No ☒

PAE-AO 243 (Rev. 05/2018)

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

           _____

           _____

           _____

           _____

           _____

           _____

           _____

      (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☐

      (7) Result: _____

      (8) Date of result (if you know): _____

   (b) If you filed any second motion, petition, or application, give the same information:

      (1) Name of court: _____

      (2) Docket of case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

           _____

           _____

           _____

           _____

           _____

           _____

      (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☐

      (7) Result: _____

      (8) Date of result (if you know): _____

PAE-AO 243 (Rev. 05/2018)                                                                                                    Page 6

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:      Yes ☐      No ☐
   (2) Second petition:     Yes ☐      No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective assistance of counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Failure to Attempt to Negotiate an Earlier Plea (See Supporting Memorandum filed herewith)

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?      Yes ☐          No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

PAE-AO 243 (Rev. 05/2018)

**(c) Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?    Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

       Type of motion or petition: _____

       Name and location of the court where the motion or petition was filed: _____

       _____

       Docket or case number (if you know): _____

       Date of the court's decision: _____

       Result (attach a copy of the court's opinion or order, if available): _____

       _____

       _____

   (3) Did you receive a hearing on your motion, petition, or application?    Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?    Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?    Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

       Name and location of the court where the appeal was filed: _____

       Docket or case number (if you know): _____

       Date of the court's decision: _____

       Result (attach a copy of the court's opinion or order, if available): _____

       _____

       _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

       _____

       _____

       _____

       _____

**GROUND TWO:** Ineffective assistance of counsel

_____

**(a)** Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Failure to File Motion to Dismiss Prosecution for Prejudicial Delay

(see Supporting Memorandum filed herewith)

_____

PAE-AO 243 (Rev. 05/2018)

_____
_____
_____
_____
_____
_____
_____
_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?     Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed: _____
_____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

    (3) Did you receive a hearing on your motion, petition, or application?     Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?     Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?     Yes ☐     No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

PAE-AO 243 (Rev. 05/2018)

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** Ineffective Assistance of Counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Failure to Preserve Defendant's Post-Conviction Rights

(see Supporting Memorandum filed herewith)

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     Yes ☐          No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?     Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?          Yes ☐          No ☐

(4) Did you appeal from the denial of your motion, petition, or application?     Yes ☐          No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** Ineffective Assistance of Counsel _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Agreement to Pay Unauthorized Restitution

(see Supporting Memorandum filed herewith)

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    Yes ☐        No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

PAE-AO 243 (Rev. 05/2018)

Page 11

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?    Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Notice of Appeal timely filed pro se; not pursued.  Plea agreement included waiver of right to seek post-conviction relief by direct appeal or collateral attack; direct appeal issues were limited; time consumed in litigating waiver would jeopardize obtaining timely relief; and major issues involve effectiveness of counsel's representation and are not viable appellate issues ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, based on record as it currently exists.

PAE-AO 243 (Rev. 05/2018)                                                                                          Page 12

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?                                                                    Yes ☐      No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: N/A _____

_____

(b) At the arraignment and plea: Brian J. Zeiger, Levin & Zeiger LLP _____

1500 JFK Boulevard, Suite 620, Philadelphia, PA  19102 _____

(c) At the trial: N/A _____

_____

(d) At sentencing: Brian Zeiger _____

_____

(e) On appeal: N/A _____

_____

(f) In any post-conviction proceeding: Stephen LaCheen, 1500 Walnut Street, Suite 1205 ____

Philadelphia, PA  19102 _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?                                                                              Yes ☐      No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

ΡΑΕ-ΑΟ 243 (Rev. 05/2018)

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?                                  Yes ☐    No ☑

17. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.[1]

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

[1] 28 U.S.C. § 2255(f), provides that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

  (1) the date on which the judgment of conviction became final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

PAE-AO 243 (Rev. 05/2018)

Therefore, movant asks that the Court grant the following relief: Vacatur of sentencing and restoration of status quo ante to allow Court to consider issue not addressed by prior counsel

or any other relief to which movant may be entitled.

*(Signature of Attorney (if any)*

STEPHEN ROBERT LACHEEN

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

February    , 2023

*(month, date, year)*

Executed (signed) on February    , 2023

*(date)*

s/ WASIM SHAZAD

*Signature of Movant*

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Verification by Movant is attached.

<u>VERIFICATION</u>

The undersigned, being duly sworn according to law, hereby deposes and says that he is the Defendant in the foregoing Memorandum in Support of Defendant's Motion for Post-Conviction Relief and that the statements made in the foregoing Memorandum are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_____
WASIM SHAZAD

DATED: 02/17/2023

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL ACTION |
| vs. | : : | NUMBER 21-cr-477 |
| WASIM SHAZAD | : : | (PRATTER, J.) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
## POST-CONVICTION RELIEF PURSUANT TO TITLE 28 U.S. CODE §2255

TO THE HONORABLE GENE E.K. PRATTER, JUDGE OF THE SAID COURT:

Defendant, Wasim Shazad, by undersigned counsel, submits the following Memorandum is support of his Motion for collateral relief, and respectfully represents the following:

## INTRODUCTION

Defendant seeks vacatur of the 33-month sentence imposed upon him in the above matter, and requests resentencing at which the Court will take into consideration the issues raised by the Motion, based upon the ineffectiveness of trial counsel.

Defendant submits that trial counsel's representation fell below the constitutional standard of effectiveness in several material aspects which resulted in prejudice to the Defendant, including the following:

(a) Allowing a three-year delay between the disclosure of Defendant's offense conduct and the initiation of formal charges;

(b) Failing to make any effort to obtain concurrent sentences;

(c) Failing to file a Motion to Dismiss based upon prejudicial prosecutorial delay;

(d) Failing to file a Motion to Dismiss based upon negotiating a plea agreement in which Defendant relinquished his right to seek post-sentence review without receiving any reciprocal consideration therefor.

## APPLICABLE LEGAL STANDARD

The applicable legal standard for determining ineffective assistance of counsel requires both proof that the attorney's performance was objectively deficient and that there was a reasonable probability that effective representation by counsel would have led to a different outcome. *Strickland v. Washington*, 466 U.S. 668 (1984).

## HISTORY OF CASE

Defendant was arrested on September 24, 2021, and charged with four counts of money laundering and related offenses arising out of two "sting" operations in which an undercover agent purchased jewelry from Defendant with $47,000 in cash represented to be drug proceeds in April & June 2018. Defendant was not arrested until three years later.

Defendant entered into a plea agreement requiring him to enter an "open plea" of guilty to all four counts charged, and included a waiver of his right to seek post-sentence relief by direct appeal or collateral attack. Defendant pled guilty on March 9, 2022, and was sentenced on December 5, 2022. The Court calculated his guidelines to be 33-41 months and, after denying any variance, sentenced him to serve 33 months.

By this motion, Defendant raises the issue of the ineffectiveness of the representation afforded Defendant by his prior counsel. The following chronology provides the backdrop for Defendant's argument for relief in this matter:

> Defendant's arrest, Montco. Charges: 1/19/2017 & 7/19/2017
> Defendant's offence conduct, this case: April - August 2018
> Montco conviction: January 18, 2019
> Montco sentence: April 9, 2019
> Montco parole release date: October 9, 2020
> Defendant's arrest in this case: September 24, 2021
> Defendant's guilty plea in this case: March 9, 2022
> Defendant's sentencing in this case: December 5, 2022

2

The period of time relevant to this Motion is the period between Defendant's conviction in Montgomery County in January 2019 and Defendant's release on parole on that sentence on October 9, 2020, which was the period within which defense counsel had the opportunity to take some action to attempt to resolve the impending federal charges in a way that would have permitted Defendant to seek a concurrent sentence.

## **ARGUMENT**

The offense conduct in this matter involved a federal "sting" operation that occurred between April and August 2018, for which Defendant was not arrested until September 2021. He pled guilty on March 9, 2022, and was sentenced on December 5, 2022 to serve a 33-month sentence beginning January 12, 2023.

At all relevant times Defendant resided in Montgomery County, and operated a jewelry store in Philadelphia, except for the 18 months he was incarcerated in Montgomery County, from April 2019 to October 2020, when he was released on parole. During the entire period following Defendant's conviction in Montgomery County on January 18, 2019 up to his sentencing there on April 9, 2019, and up to his release on parole on October 9, 2020, the federal authorities were always aware of Defendant's whereabouts but never took any action to charge Defendant with the offenses in this matter until September 23, 2021, which deprived him of the opportunity to obtain a concurrent sentence, and prejudiced him in several other ways as well.

The failure of the federal authorities to bring any charges against Defendant during the entire period of time from August 2018 to September 24, 2021, deprived Defendant of the opportunity to seek a sentence in state court to run concurrent with the federal sentence when imposed, and the opportunity to petition the federal court to allow Defendant to serve his sentence in state custody, which could have allowed the unexpired portion of his state sentence to be served concurrently with the later imposed federal sentence.

3

**Ground One:  <u>Failure to Attempt to Negotiate an Earlier Plea</u>**

At all relevant times, the federal authorities were aware of Defendant's whereabouts, but made no attempt to bring formal charges against him.  After being convicted following trial in Montgomery County in January 2019, and prior to sentencing there, Defendant was served with a federal grand jury target letter on March 28, 2019, based upon his offense conduct in April and August, 2018.

Despite being aware of Defendant's federal offense conduct and his pending sentence in Montgomery County as of January 18, 2019, Defendant's attorney made no effort to ascertain the current status of the federal investigation and made no attempt to negotiate a federal guilty plea until Defendant was arrested on September 24, 2021.  Defendant was prejudiced by counsel's inaction, which deprived him of the opportunity to negotiate for a sentence that would allow Defendant to serve his federal sentence in state custody with a concurrent state sentence.  Prior counsel failed to explore the possibility of negotiating a concurrent sentence during the height of the COVID-19 pandemic when the government was unable to empanel a grand jury and lost negotiating leverage when the justice system returned to normal; and any such effort became moot when Defendant was released on State Parole on October 9, 2020.

Defendant's Fifth Amendment right to a fair trial was violated and substantially prejudiced by the pre-indictment delay.  Defendant suffered the additional prejudice in the resulting passage of time by incurring the state conviction in the interim, which increased his criminal history points from zero to three.  Had he been prosecuted federally and sentenced at any time between April 2018 and March 9, 2019, Defendant's Criminal History Category would have been I rather than II and his guidelines would have been 12-18 months instead of 33-41 months.

Defendant could have gone to trial in 2018-2019, when he had no prior record.  By the time he was arrested on the federal charges in this matter, he had already been convicted in state court, which made it more difficult for Defendant to go to trial, without character witnesses and subject to impeachment. It also served to raise Defendant's Criminal History Category, raised the sentencing guidelines applicable to his federal offense and increased the severity of his sentence.

4

Intentional delay by the prosecution is, of course, the most understandable ground upon which Courts have found a due process violation, but unless evidence to that effect is revealed hereafter, Defendant cannot yet make that argument in good faith in this matter; but the Supreme Court has suggested that a reckless delay might also be impermissible in a given case. *U.S. v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044 (1977)(suggesting that a severe showing of prejudice alone might establish a due process violation regardless of the reasons for the delay). Other courts have suggested that even a negligent delay might also be impermissible. *U.S. v. Ross*, 123 F.3d 1181 (CA9, 1997); *U.S. v. Rubin*, 609 F.2d 51 (CA2, 1979), jt.aff'd, 449 U.S. 424, 104 S. Ct. 698 (1981).

Defendant here has not as yet been informed of why the government waited from April 2018 to September 2021, and hopes to find the answer in this proceeding. Defendant does, however, know that, whether by intention or simply by inaction, he suffered prejudice by the delay and by his attorney's ineffectiveness in failing to take any action to advance this prosecution so as to have the opportunity to seek a concurrent sentence. The failure to take any such action allowed the Defendant to serve his entire state sentence without having the opportunity to have any portion of it run concurrent with the sentence he eventually received in this case.

In the interest of full disclosure, Defendant's counsel has been unable to locate any cases that have actually dismissed a prosecution on the ground that prosecutorial delay prevented a Defendant from pursuing the possibility of obtaining a concurrent sentence. The closest analogs are opinions in which Courts have granted downward departures or downward variances for that reason.

For example, in *U.S. v. Sanchez-Rodriguez*, 161 F.3d 556, 563-564 (CA9, *en banc, 1998*), the Court of Appeals held that the district court acted within its discretion when it departed downward in an illegal re-entry case because the defendant's opportunity to obtain a sentence concurrent with the state sentence he was already serving.

In *U.S. v. Blackwell*, 49 F.3d 1232, 1241-42 (CA7, 1995), the Seventh Circuit authorized a downward departure to achieve the effect of concurrence with a fully discharged sentence. In *U.S. v. Madrona*, 89 F.Supp.2d 310 (E.D. NY 2000), the court held four-year delay in bringing prosecution for illegal re-entry while defendant was serving state time justified departure because of lost opportunity for concurrent sentence, and remanded case to district court for re-sentencing.

Although the issue of prosecutorial delay was raised in trial counsel's sentencing memorandum as a basis for mitigation of sentence, counsel explained that his reason for not filing a pre-arrest delay motion was "because the delay by the government was not based on bad faith, nor did counsel believe Mr. Shazad would have been prejudiced from defending himself as a result of the delay." Defendant respectfully submits neither explanation is well-taken, because of the lack of evidence to support either; and in the case of the latter, the failure to consider the lost opportunity to seek concurrence was definitely prejudicial.

6

**Ground Two:**  **Failure to file Motion to Enjoin Prosecution for Prejudicial Delay**

Defendant's counsel failed to file a Motion to Enjoin the federal charges based upon the federal authorities' intentional delay in prosecuting Defendant.  Due to the passage of three years between the offenses and his arrest, Defendant suffered prejudice by having suffered both health and financial setbacks, which contributed to his gambling addiction, such that he was unable to properly defend himself against the federal charges and lost any negotiating leverage he might have had if he had been arrested at an earlier time when he was still actively engaged in his business and still had the ability to cooperate with the government and obtain some mitigation of the sentence he received.

Filing such motion, even if unsuccessful, would have motivated the government to either promptly file charges, or to afford Defendant the ability to negotiate a more favorable plea agreement.  During the time that federal grand juries were still in suspension due to the viral pandemic, Defendant would have had greater negotiating leverage than later when the criminal justice system returned to a semblance of normality, and would probably have been able to do better than having to "plead open." In any event, Defendant lost the opportunity to obtain the equivalent of a concurrent sentence by way of an Order in this matter allowing him to serve his federal sentence in state custody.

7

**Ground Three:**  **Failure to Preserve Defendant's Post-Conviction Rights**

Trial counsel was ineffective in negotiating a plea agreement in which Defendant waived his right to seek post-sentence relief either by direct appeal or by collateral attack, in effect requiring Defendant to enter an "open" plea and relinquish his post-conviction rights without receiving any consideration therefor.

Paragraph 12 of the Plea Agreement reads as follows: "In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, and collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution..." But the plea agreement does not, in fact, list any such promises, and, to the contrary, Paragraph 2 of the agreement specifically confirms the government's right, at the time of sentencing, to "Make whatever sentencing recommendation...the government deems appropriate," and that nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters."

As a practical matter, the plea agreement in this matter afforded the Defendant the "opportunity" to enter an "open plea" of guilty to all four counts of the Information in return for which he received no consideration or promise "in exchange therefor," contrary to the representation of Paragraph 12. Such a lack of consideration would ordinarily support a Motion to nullify the agreement, and allow Defendant to seek relief from overruled defense objections and/or motions by way of direct appeal; but under the current circumstances in this matter, the time consumed in arguing the waiver issue might moot any relief to which Defendant would be entitled.

As a result, Defendant was prejudiced by, *inter alia*, the inability to seek post-conviction relief by direct appeal pursuant to the standard of review applicable thereto, and is forced to attempt to seek post-conviction review by way of a 2255 motion, which provides a much narrower avenue by which to seek relief and a much stricter standard of review to warrant the relief sought.

8

The prime example of the resulting prejudice is that, because of the waiver, Defendant can not raise the issue of prosecutorial delay directly, but can only raise it by way of alleging (and proving) the ineffectiveness of counsel in failing to raise it, which implicates a different and much stricter standard of review Defendant must meet to warrant the relief sought.

In addition, because Defendant's primary quest for relief relies upon matters not currently in the record - prior counsel's failure to attempt to obtain a concurrent sentence or the functional equivalent thereof - Defendant has opted to proceed directly with this §2255 Motion, which, he hopes, will have his matter before the District Court in time to achieve the relief he seeks if the Court determines the issue is properly raised and sufficiently supported by the evidence.

9

**Ground Four:**  **Agreement to Pay Unauthorized Restitution**

The plea agreement negotiated by trial counsel and accepted by the Court obligates Defendant to pay the Government $47,000 as restitution of the funds represented to be illegal drug proceeds used to purchase jewelry from the Defendant. Plea agreements are primarily governed by contract considerations. However, parties cannot agree to illegal or non-authorized restitution purely as a matter of contract.

A fundamental principle of restitution law is that restitution is only authorized for harm that represents an actual loss to the victim. That restitution can only be imposed as compensation for actual loss is clear from the historical purpose of restitution - to "restore" the victim - and from the statutory terminology of compensating victims "losses.": "In each order of restitution, the court shall order restitution to each victim for the full amount of each victim's losses..." 18 USC §3664(f)(1)(A).

Defendant did not raise the issue by direct appeal because it had been agreed to and was neither raised by objection nor preserved at sentencing. The plain language of 18 USC §2255 provides that it applies to "a prisoner in custody...claiming the right to be released," and courts have uniformly held that a challenge to the legality of a restitution order cannot be brought by way of motions filed under §2255. There are, however, instances in which a §2255 motion regarding restitution was successful because couched in terms of ineffective assistance of counsel. *Weinberger v. U.S.*, 268 F.3d 346 (CA6, 2001).

The Sixth Circuit refused to enforce an agreement for the Court to impose restitution for the government's buy money and investigative costs in *U.S. v. Meacham*, 27 F.3d 214 (CA6, 1994). The restitution order was vacated because it did not qualify as restitution under the legal criteria for restitution involving victims and harms.

10

Restitution orders for "buy money" (money given to defendants by the government in reverse stings) have been struck down either because such costs are viewed a routine costs in investigating and prosecuting cases, or because courts have held that the government is not a victim harmed by the offense. *U.S. v. Cottman*, 142 F.3d 160 (CA3, 1998); *U.S. v. Khawaja*, 118 F.3d 1454 (CA11, 1997); *U.S. v. Meacham*, 27 F.3d 214 (CA6, 1994); *Gall v. U.S.*, 21 F.3d 107 (CA6, 1994); *U.S. v. Gibbons*, 25 F.3d 28 (CA 1, 1994).

Generally, there is no offset for the value of the defendant's property seized by the government as forfeiture. *U.S. v. Alalade*, 204 F.3d 536 (CA4, 2000), but this is not such a case. Here, the funds in question were voluntarily paid to Defendant in a reverse sting operation, and the government received full value for those funds in the jewelry worth that amount which was forfeited by the government even though it was neither contraband nor stolen goods.

The tangible loss is a net loss. Any value in property or services provided to the victim by the defendant must be offset against the total loss, in order for restitution to represent only the actual loss to the victim. 18 USCA §3663(b)(1)(B)(ii) and §3663A(b)(1)(B)(ii) require payment to the victim of the value of the property damaged, lost, or destroyed, less the value of the property returned to the victim.

Trial counsel was ineffective in negotiating a plea agreement obligating Defendant to refund to the government the purchase price paid for the jewelry, which the government not only bought but has kept. As matters now stand, the government gets to keep the jewelry and recoup the purchase price as well, an outcome that is not contemplated by the intended purpose of the laws of restitution.

11

**<u>Defendant's Reservation of Right to Supplement the Motion and Memorandum</u>**

Defendant respectfully requests the right to amend the foregoing Motion and supporting Memorandum, to permit a further showing of prejudice, after he has had an opportunity to review the records and obtain the evidence regarding prior counsel's explanation for his apparent failure to provide effective representation to avoid the prejudicial delay detailed above.

Ruling that the Statute of Limitations is not the only basis upon which a dismissal for delay be may granted, the United States Supreme Court has noted that "the statute of limitations does not fully define defendant's right with respect to the event occurring prior to indictment." *United States v. Marion*, 404 U.S. 307, 324 (1971). The dictates of fundamental fairness and due process contained in the Fifth Amendment to the United States Constitution provide further protection against prejudicial pre-indictment delay. *United States v. McDonald*, 456 U.S. 1, 8 (1982).

In *United States v. Lobasco*, 431 U.S. 783 (1977), the Supreme Court explained that the determination of the existence of a due process violation due to pre-indictment delay is essentially a balancing test whereby the prejudice to the defendant caused by such delay is weighed against the government's justification for the day. *Id*, at 790.

Defendant is aware of decisions which hold that in order for him to meet his burden of proving actual prejudice flowing from the pre-indictment delay, he must specifically identify witnesses or documents lost during a delay properly attributable to the government. Because Defendant has the burden of showing actual prejudice, he moves this court for an opportunity to supplement this motion for relief once he has had the opportunity to review the evidence of counsel's failure to attempt to avoid the government's three-year delay in charging this matter, especially as it relates to the resulting prejudicial effect upon Defendant.

**CONCLUSION**

If the Court agrees with Defendant's argument that the plea agreement should be declared a nullity because of a lack of consideration therefor, and the Court grants the Motion for Vacatur and re-sentencing, Defendant will ask the Court to reconsider the mitigating factors in the previously articulated issues as grounds for recalculating the guidelines and/or granting a downward variance.

Wherefore, Defendant prays the Court will grant the relief sought, based upon the reasons set forth herein, and such other relief the Court deems appropriate.

Respectfully submitted,

STEPHEN ROBERT LACHEEN

s/ALEXANDRA L. LACHEEN

ALEXANDRA L. LACHEEN

13

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Memorandum in Support of Defendant's Motion for Post-Conviction Relief Pursuant to Title 28 U.S. Code§2255, was filed and served with the United States District Court for the Eastern District of Pennsylvania via the Court's electronic filing system on this date. I also hereby certify that a copy of the foregoing was also served by email upon:

Assistant U.S. Attorney K.T. NEWTON
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

s/STEPHEN ROBERT LACHEEN

STEPHEN ROBERT LACHEEN (#02986)

s/ALEXANDRA L. LACHEEN

ALEXANDRA L. LACHEEN (#317856)

DATED: March 1, 2023

14