IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WASIM SHAZAD | : | No. 21-477 |

## MEMORANDUM

PRATTER, J.                                                                                                           MAY 22, 2023

Wasim Shazad filed a motion seeking the return of his property pursuant to Federal Rule of Criminal Procedure 41(g). Specifically, Mr. Shazad argues that the Government must return a diamond necklace and ring that were purchased from him by an undercover agent posing as a drug dealer during the investigation of his case. The Government opposes Mr. Shazad's motion. For the reasons set forth below, the motion will be granted.

### BACKGROUND

Mr. Shazad was charged by information with two counts of money laundering in violation of 18 U.S.C. 1956(a)(3) (Counts I and III) and two counts of failing to file a record of financial transaction, in violation of 31 U.S.C. § 5324(b)(1) (Counts II and IV). The charges were based on Mr. Shazad's June 2018 sale of a 16.56 carat diamond and platinum necklace for $24,000 in cash to an undercover officer Mr. Shazad believed to be a drug dealer, and an August 2018 sale of a 2.01 carat canary diamond and platinum ring to the same officer for $23,000 in cash. Mr. Shazad failed to file the required report for these cash sales, both of which exceeded $10,000. Mr. Shazad pleaded guilty to the information. The Court sentenced Mr. Shazad to a term of 33 months' imprisonment on each of Counts I through IV, to run concurrently, to be followed by three years of supervised release. The Court also ordered Mr. Shazad to make restitution in the aggregate

1

amount of $47,000, $20,000 of which was to be paid by December 20, 2022, and to pay an assessment of $400.

Mr. Shazad now seeks the return of the two articles of jewelry purchased from him by the undercover officer or, alternatively, he argues that if the Government retains the jewelry, it should be ordered to retroactively waive the restitution order or deem it satisfied. The Government agrees with Mr. Shazad that the jewelry at issue is not subject to forfeiture, but argues that the Court's judgment imposing restitution created a lien in favor of the Government against Mr. Shazad's property, including an interest in the ring and necklace.

## LEGAL STANDARD

"It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). Federal Rule of Criminal Procedure 41(g) provides a mechanism by which property owners may recover property seized by the Government. That rule states that

> [a] person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). After criminal proceedings have terminated, district courts entertaining a motion for return of property treat such an action "as a civil proceeding for equitable relief." *Chambers*, 192 F.3d at 376. When criminal proceedings are no longer pending, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Id.* at 377. To meet this burden,

the Government must demonstrate "a cognizable claim of ownership or right to possession adverse to that of the movant." *Id.* (internal quotation marks omitted).

## DISCUSSION

Because Mr. Shazad's criminal proceeding has terminated, the Government bears the burden of demonstrating a legitimate reason to retain the diamond necklace and ring. *Id.* The Government does not claim that the jewelry is contraband, and it expressly acknowledges that the jewelry is not subject to forfeiture. *Cf. United States v. Stallworth*, 554 F. Supp. 3d 722, 726 (W.D. Pa. 2021) (finding that Government's suspicion that seized phones could contain contraband was insufficient to warrant continued Government retention); *United States v. Gatson*, No. 13-cr-705, 2019 WL 5420289, at *1–*2 (D.N.J. Oct. 21, 2019) (denying motion for return of property as it related to criminally forfeited jewelry and firearms and ammunition that constituted derivative contraband because defendant was a convicted felon prohibited from possessing firearms). Instead, the Government concedes that the jewelry is the property of Mr. Shazad and relies on the theory that the Court's restitution order created a lien in favor of the United States on all of Mr. Shazad's property and rights thereto, including the necklace and ring.

The judgment related to Mr. Shazad's case requires that he make restitution in the amount of $47,000. "Seized property may be retained *to satisfy a restitution order or other debts* owed to the Government." *Gatson*, 2019 WL 5420289, at *2 (emphasis added). The Court is not, however, persuaded that the seized property can be retained by the Government if it is *not* being used to satisfy the restitution order.

The Government relies on two non-precedential Third Circuit Court of Appeals decisions, *United States v. Jones*, 629 F. App'x 192, 195 (3d Cir. 2015), and *United States v. Wallace*, 213 F. App'x 98, 99 (3d Cir. 2007), to justify its retention of the jewelry while Mr. Shazad pays the restitution imposed. But those cases present facts distinguishable from the facts before the Court

3

here. In *Jones*, federal agents seized computers, printers, cell phones, and currency from the apartment of the defendant, who was charged with conspiracy, credit card fraud, and aggravated identity fraud. 629 F. App'x at 193. The defendant failed to respond to repeated inquiries as to the disposition of the seized property and the formal notice that his property would be deemed abandoned or destroyed without his input. *Id.* at 195. Much of the seized property was therefore destroyed, but the district court "exercised sound discretion in applying the cash seized toward satisfaction of [the restitution] obligation." *Id.* In *Wallace*, FBI agents seized the defendant's watch and $2,153 in cash during an arrest. 213 F. App'x at 98. The Government eventually returned the defendant's watch to him, but the district court permitted the Government to use the cash seized to satisfy the defendant's restitution order. *Id.* at 99. Neither case can be fairly read to bless the indefinite retention of non-cash property. Indeed, these cases only tolerate "allocat[ing] . . . the defendant's property for his benefit rather than depriving him of the property altogether." *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). In Mr. Shazad's case, the Government's retention of the necklace and ring strays too far into the latter, rather than the former, category.

Approaching the dispute here now as a civil proceeding for equitable relief, and particularly given the acknowledgment by both parties that the jewelry is not subject to forfeiture, the Court notes the Third Circuit Court of Appeals' ruling that

> it would be antithetical to the notions of fairness and justice under which [courts] operate to convert the government's right to temporary possession to a right to hold such property indefinitely. Indeed, if the government had such a right there would have been no need for Congress to have enacted specific statutes directed to circumstances under which forfeiture may be effected . . . none of which are applicable here. Thus, the burden of proof [i]s on the government to show that it ha[s] a legitimate reason not to return the property to the person from whom it was seized.

*Gov't of V.I. v. Edwards*, 903 F.2d 267, 274 (3d Cir. 1990) (internal citations omitted). Notions of fairness and justice would not be served by allowing the Government to have its cake and eat it

4

too—that is, demand that Mr. Shazad pay $47,000 in restitution while the Government is still in possession of $47,000 worth of jewelry its agent purchased from Mr. Shazad.

Mr. Shazad requests that the Court order the jewelry be returned to him, or, alternatively, that the Government retroactively waive the restitution order or regard it as satisfied. Rule 41(g), however, "provides for one specific remedy—the return of property." *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000).[1] Given this limitation, the Court grants Mr. Shazad's primary request that the jewelry be returned to him because that is the only available remedy stated under the applicable rule.

## CONCLUSION

Because the Government has not met its burden to show a legitimate reason for the retention of Mr. Shazad's property, the Court orders the Government to return the two pieces of jewelry to Mr. Shazad. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The Third Circuit Court of Appeals in *Bein* noted that Federal Rule of Criminal Procedure 41(e), rather than Rule 41(g), has this limited remedy. 214 F.3d at 415. "As a result of the 2002 amendments [to the Federal Rules of Criminal Procedure], the previous Fed. R. Crim. P. 41(e) now appears with minor stylistic changes as Rule 41(g)." *United States v. Albinson*, 356 F.3d 278, 279 n.1 (3d Cir. 2004). As a matter of clarity, the Court has referred only to Rule 41(g) in this memorandum, notwithstanding that some relevant caselaw predating the 2002 amendments refers to the previous rule. *Id.*

5